SILBERMAN, Chief Judge.
 

 The Department of Revenue, on behalf of M.J.W., the mother, appeals an order and amended order granting the petition of G.A.T., Jr. (G.A.T.), to disestablish paternity. The trial court granted the petition after the mother failed to produce the child, J.L.T., for DNA testing. Because the trial court did not determine whether the mother’s failure to submit the child for testing was willful, we reverse and remand for further proceedings.
 

 Section 742.18, Florida Statutes (2008), provides for the disestablishment of paternity or the termination of a child support obligation when a male is not the biological father of a child. G.A.T. filed a petition to disestablish paternity of J.L.T. In the petition and his affidavit, G.A.T. denied that he is the father of the minor child and that fraud and duress by the mother and his own family induced him to acknowledge paternity. He further alleged that the mother has told him that he is not the biological father of the child.
 

 The trial court subsequently entered an order for paternity testing, indicating that the parties stipulated to the administration of the paternity test. The trial court ordered the mother to have the minor child available for testing before December 31, 2009. The mother did not appear with the child at the date and time set for the paternity test.
 

 After a hearing held on January 20, 2010, the trial court entered an order granting the petition to disestablish paternity. The order indicates that paternity was disestablished because the mother did not appear with the child for the paternity test. An amended order was entered but the amendment is not pertinent to the issue on appeal.
 

 The Department filed a motion for rehearing and argued that the trial court failed to make the findings on the seven factors required by section 742.18(2)(a)-(g) and disestablished paternity without any evidentiary basis and solely because the mother did not appear for the paternity test. The Department also argued that after the mother failed to appear with the child for the test there was no follow-up order compelling DNA testing, although the Department requested such an order. Also, the Department asserted that no motion for sanctions was argued or granted and no motion for default was made on the petition to disestablish paternity. The trial court denied the motion for rehearing on the basis that the mother failed to appear.
 

 On appeal, the Department contends that the trial court did not require G.A.T. to meet his statutory burden of proving the factors set forth in section 742.18(2)(a)-(g) before granting the petition to disestablish paternity. The statute provides that the court shall grant relief on the petition “upon a finding by the court of all of the following” factors listed in that section. § 742.18(2). We note that the factor in section 742.18(2)(b) is that “[t]he scientific test required in paragraph (l)(b) was properly conducted.” The Department also argues that the trial court never provided the mother an opportunity to explain
 
 *1085
 
 her non-appearance with her child for the DNA test.
 

 This court has recognized that the trial “court may not set aside paternity if the ‘father’ signed a paternity acknowledgment form unless the court determines that
 
 all
 
 factors listed in section 742.18(2) existed.”
 
 Dep’t of Revenue ex reí. T.E.P. v. Price,
 
 958 So.2d 1045, 1046 (Fla. 2d DCA 2007). However, section 742.18(7)(b) provides for the situation when a party fails to appear for scientific testing.
 

 (b) If the male ordered to pay child support willfully fails to submit to scientific testing or if the mother or legal guardian or custodian of the child willfully fails to submit the child for testing, the court shall issue an order determining the relief on the petition against the party so failing to submit to scientific testing. If a party shows good cause for failing to submit to testing, such failure shall not be considered willful.
 

 § 742.18(7)(b). Thus, the statute provides that the court shall rule against the party failing to submit for testing if the failure to submit to testing was willful.
 

 Here, it is unknown whether the mother’s failure to submit the child for testing was willful. Therefore, we reverse the order and amended order granting the petition to disestablish paternity and remand for the trial court to give the mother an opportunity to show good cause and for the trial court to determine whether the mother’s failure to submit the child for testing was willful before it rules on the petition.
 

 Reversed and remanded.
 

 KELLY and LaROSE, JJ., Concur.